# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jeremy A. Tigan
(302) 351-9106
jtigan@morrisnichols.com

December 9, 2022

The Honorable Richard G. Andrews   *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801-3555

      Re:    *San Rocco Therapeutics, LLC v. Bluebird Bio, Inc., et al.*
             C.A. No. 21-1478 (RGA)

Dear Judge Andrews:

      We write on behalf of Defendants bluebird bio, Inc. and Third Rock Ventures, LLC in response to the December 8, 2022 letter from Plaintiff San Rocco Therapeutics, LLC (D.I. 82). Plaintiff's letter concerns a purported new exclusive license agreement (the "New Agreement") (Ex. 1 to Plaintiff's letter), which Plaintiff contends "resolves the threshold issues" that are currently subject to an ongoing arbitration that this Court compelled by Order dated July 26, 2022 (D.I. 76). Plaintiff's letter is an attempt to terminate the arbitration before it has been decided and its position is incorrect, as set forth below. To avoid burdening the Court with a needless dispute, Defendants requested a conversation with counsel to explain their position. Plaintiff declined and instead submitted its letter to Your Honor.

      The Court administratively closed this case on July 28, 2022, and instructed the parties to notify it "when the arbitration has been resolved." (D.I. 78 (Order); *see also* D.I. 75 (Memorandum Opinion) (granting stay "pending the determination of an arbitrator regarding interpretation of the license and release provisions" in the parties' 2020 Settlement Agreement).) The arbitration has not been resolved. Rather, the parties submitted simultaneous opening prehearing briefs on December 2, 2022, and Reply prehearing briefs are due on December 23, 2022. The final hearing is scheduled for January 17, 2023.

      On the eve of the opening prehearing brief deadline, Plaintiff and non-parties Sloan Kettering Institute for Cancer Research and Memorial Sloan Kettering Cancer Center (together, "MSK") apparently executed their New Agreement, without any notice to Defendants. Plaintiff disclosed that agreement (but not any negotiations underlying it) to Defendants the following day in their opening prehearing brief in the arbitration. Despite Plaintiff's contentions, their New Agreement does not "resolve" any issue pending in the arbitration.

The Honorable Richard G. Andrews
December 9, 2022
Page 2

*First*, their New Agreement is ineffective on its face. In Section 10 of the Settlement Agreement entered by and among Plaintiff, MSK, ***and Defendant bluebird*** (the "2020 Settlement Agreement"), the parties agreed that "[n]o deletion, amendment or addition to this Confidential Settlement Agreement shall be effective unless in writing signed by all Parties." (D.I. 45 Ex. C § 10.) The New Agreement, however, purports to provide various additional license rights to Plaintiff beyond those provided in the 2020 Settlement Agreement, and to amend and/or delete various release provisions in the 2020 Settlement Agreement. These additions, amendments, and/or deletions are ineffective because bluebird did not sign the New Agreement. In fact, the negotiations and/or discussions concerning that agreement were kept secret from bluebird. SRT surely understood that bluebird would not agree to these modifications.

*Second*, the representations in the New Agreement regarding the scope of the release provisions in the 2020 Settlement Agreement lack credibility. In that agreement, MSK purports to represent that it has "not released any claim . . . concerning infringement of the Patents," *i.e.*, the patents-in-suit in this currently stayed litigation. This is a complete reversal by MSK. As the Court noted in its July 26, 2022 Memorandum Opinion, "MSK, which Plaintiff moves to join as a plaintiff to this action, maintains that Plaintiff has waived the very claims against Defendants that Plaintiff is asserting." (D.I. 93, citing D.I. 45-1, Ex. F at 1). Plaintiff and MSK provided Defendants identical releases in the 2020 Settlement Agreement, and thus any claims released by Plaintiff were released by MSK.

In exchange for executing the New Agreement, Plaintiff withdrew a threatened fraudulent inducement claim against MSK in the pending litigation between those parties in the Southern District of New York. Specifically, on December 2, 2022, one day after the New Agreement was executed, Plaintiff moved to withdraw this threatened claim, citing "recent developments and negotiations between the parties." (*See* Ex. A.) Those developments and negotiations obviously refer to the New Agreement.[1] In short, Plaintiff gave MSK every reason to change its position.

There is no reason to interrupt the pending arbitration that this Court compelled the parties to conduct, or otherwise lift the stay pending the resolution of that arbitration.

We are of course available to discuss these issues at the Court's convenience.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

Enclosure
cc:   All Counsel of Record (via CM/ECF and e-mail)

---

[1] In light of Plaintiff's prior threats to pursue a fraud claim against MSK, and Plaintiff's subsequent withdrawal of those threats in exchange for MSK providing statements in the New Agreement that attempt to take back MSK's earlier position that SRT's infringement claims were released, Defendants reserve all rights with respect to both Plaintiff and MSK.